UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NATHAN CHRISTOPHER BRAUN,           Case No. 21-CV-2561 (PJS/ECW)

          Petitioner,

v.                                                               ORDER

PAUL SCHNELL, GUY BOSCH, and
MINNESOTA DEPARTMENT OF
CORRECTIONS,

          Respondents.

---

Nathan Christopher Braun, pro se.

On July 31, 2017, petitioner Nathan Christopher Braun was convicted in state court of third-degree criminal sexual conduct, and he was later sentenced to 91 months in prison. ECF No. 19 at 1–2. The Minnesota Court of Appeals affirmed Braun's conviction on direct appeal, and the Minnesota Supreme Court denied review. *Id.* at 2–6. Braun then pursued at least[1] three petitions for post-conviction relief in state court. *Id.* at 6–14.

Having failed to obtain relief through direct appeal or multiple state post-conviction proceedings, Braun filed this federal habeas action pursuant to 28 U.S.C.

---

[1] As Magistrate Judge Wright noted previously in this case, it appears that Braun "filed a fourth post-conviction petition for relief on August 10, 2021, regarding ineffective assistance of counsel, which was denied as frivolous by the district court. However, there was no appeal taken by [Braun] regarding this post-conviction petition for relief." ECF No. 19 at 14 n.3.

§ 2254 on November 24, 2021.  ECF No. 1.  Braun raised six grounds for relief: (1) ineffective assistance of counsel; (2) the state misrepresented the burden of proof during closing arguments; (3) the improper use of petitioner's statements to police; (4) ineffective assistance of appellate counsel; (5) actual innocence; and (6) an accumulation of errors in violation of his right to due process.  ECF No. 19 at 14.  On November 8, 2022, Judge Wright issued a thorough R&R that addressed and rejected each of Braun's claims on the merits.  *See id.*  Braun did not object, and this Court adopted the R&R on December 8, 2022.  ECF No. 20.

This matter is before the Court on Braun's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  ECF No. 24.  In his motion, Braun argues that the State has failed to respond to his request under the Minnesota Government Data Practices Act for a copy of an allegedly exculpatory polygraph examination that occurred on December 12, 2022—an examination that, Braun says, would "tend[] to show [his] actual innocence."  *Id.*  According to Braun, "[t]he withholding of this material evidence is in fact a fraud on the court being committed by the State" and "[t]his evidence is in fact 'newly discovered,' as the State itself did not perform the testing until well after Trial."  *Id.*

Although Braun purports to bring his motion under Rule 60(b), he is in reality seeking to raise a new claim in what is in substance a second or successive motion for

relief under § 2254. A prisoner seeking to bring a second or successive § 2254 motion is required to first obtain authorization from a court of appeals; a prisoner cannot evade this requirement by styling his second § 2254 motion as a Rule 60(b) motion challenging an order disposing of his first § 2254 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005) (a Rule 60(b) motion presenting new substantive claims for habeas relief, or attacking the court's previous resolution of a habeas claim on the merits, should be treated as a second or successive habeas petition).

There is no indication that Braun received authorization to bring a second or successive § 2254 motion from the United States Court of Appeals for the Eighth Circuit. Accordingly, the Court lacks jurisdiction to consider Braun's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion for Relief from Judgment [ECF No. 24] is DENIED WITHOUT PREJUDICE.

2. No certificate of appealability will be issued.

Dated: June 27, 2023

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court